

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARK RAYMOND QUESADA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>    Defendant. | Case No. EDCV 11-0882-MLG<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Mark Raymond Quesada seeks judicial review of the Commissioner's denial of his application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). For the reasons stated below, the decision of the Commissioner is affirmed and the action is dismissed with prejudice.

**I. BACKGROUND**

Plaintiff was born on May 10, 1966. (AR at 98). He has relevant work experience as a Title Representative and as a Title Searcher. (AR at 24). Plaintiff filed an application for DIB on April 20, 2006 and an application for SSI on June 7, 2006. In both applications, he alleged disability beginning October 9, 2005, due

1

to injuries suffered during a motor vehicle accident. (AR at 18). The Social Security Administration denied Plaintiff's application initially and upon reconsideration on December 28, 2006. (AR at 18).

A hearing was held before Administrative Law Judge ("ALJ") Michael D. Radensky on February 2, 2009. (AR at 59). Plaintiff, appearing with a non-attorney representative, testified at the hearing, as did a vocational expert ("VE"). (AR at 18). The ALJ issued a decision on April 3, 2009, denying Plaintiff's application. (AR at 18-25). The ALJ found that although Plaintiff suffers from degenerative disc disease of the cervical and lumbar spine, he has the residual functional capacity ("RFC") to perform light work and is capable of performing his past relevant work. (AR at 21-24). The Appeals Council denied review on April 6, 2011 (AR at 3-5).

Plaintiff commenced this action for judicial review on June 10, 2011. The parties filed a joint statement of disputed issues ("Joint Stip.") on January 5, 2012. Plaintiff contends the ALJ failed to give appropriate weight to "certain items of medical evidence," namely the opinion of Frederick W. Close, M.D., an examining physician. (Joint Stip. at 4). He further argues that evidence obtained after the hearing and submitted to the Appeals Council supports Dr. Close's findings. (Joint Stip. at 6-7). Plaintiff also contends that the ALJ improperly assessed his credibility in considering his subjective complaints. (Joint Stip. at 13). Plaintiff seeks reversal and payment of benefits, or alternatively, remand for further administrative proceedings (Complaint at 2). The Defendant requests that the ALJ's decision be

affirmed. (Answer at 2).

## II. **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. **Analysis**

### A. The ALJ Accorded Appropriate Weight to the Opinion of Dr. Close

Plaintiff contends that the ALJ improperly rejected the work-related limitations assessed by Dr. Close, one of the examining

physicians, in finding that Plaintiff was not disabled. (Joint Stip. at 4-7). Dr. Close evaluated Plaintiff on January 19, 2009. (AR at 305). Dr. Close found that "[b]ased on the medications this patient is taking it would be difficult for him to maintain or sustain work activities," and that Plaintiff's "symptoms would likely increase if he were placed in a competitive work environment." (AR at 309). Additionally, he found that Plaintiff "should be able to sit, stand, no more than 6 hours out of an 8 hour day with rest breaks at least 10 minutes every hour alternating sitting, standing, and walking." (*Id.*).

The Commissioner is directed to weigh medical opinions based in part on their source, specifically, whether proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Generally, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. *See id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). Similarly, more weight is generally given to the opinion of a source who has examined the patient than someone who has not done so. 20 CFR § 404.1527(d)(1).

The Commissioner must also consider whether a medical opinion is supported by clinical findings and is contradicted by other medical evidence of record. The Commissioner may reject the uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. *See Lester*, 81 F.3d at 831. A contradicted opinion of a treating or examining professional may be

rejected only for "specific and legitimate" reasons supported by substantial evidence. *Lester*, 81 F.3d at 830.

Dr. Close's opinion was contradicted by other evidence in the record, and the ALJ provided several specific and legitimate reasons for refusing to give Dr. Close's opinion controlling weight, each of which was supported by substantial evidence. First, the ALJ gave considerable weight to the opinion of a different examining physician, Bunsri T. Sophon, M.D., who evaluated Plaintiff on June 29, 2006. (AR at 22). Dr. Sophon found that Plaintiff had no restriction in motion in sitting, standing, or bending. (AR at 22, 262). Thus, Dr. Sophon's findings, which supported a determination that Plaintiff had an RFC to perform medium work, were at odds with the findings of Dr. Close. Both Dr. Close and Dr. Sophon were one-time examining physicians, and therefore Dr. Close's opinion was not entitled to more weight than that of Dr. Sophon. *See Lester*, 81 F.3d at 830. As the ALJ noted, Dr. Sophon's ultimate findings regarding Plaintiff's limitations were supported by the objective findings of his examination. (AR at 23, 258-62). The ALJ is responsible for resolving conflicts and ambiguities in the medical testimony, and it was appropriate for the ALJ accept Dr. Sophon's findings over those of Dr. Close. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

Next, the ALJ noted that upon reconsideration of Plaintiff's file, the State Agency had also concluded that plaintiff could perform medium work. (AR at 23). On July 7, 2006, S.C. Swan, M.D., a State Agency physician, reviewed Plaintiff's file and issued findings supporting an RFC for medium work. (AR at 265-69). While

the opinions of non-examining professionals are generally given less weight than those of treating or examining professionals, such opinions may "serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 948, 957 (2002). Here, Dr. Swan's opinion was consistent with the findings of Dr. Sophon, and therefore constituted an additional legitimate reason for the ALJ's decision to reject the opinion of Dr. Close.

Despite the findings of Dr. Sophon and Dr. Swan supporting an RFC of medium work, the ALJ decided to give Plaintiff "the benefit of the doubt" by giving the "greatest weight" to the opinion of the initial State Agency reviewing physician, George G. Spellman, M.D.(AR at 23, 246-252). Dr. Spellman had reviewed Plaintiff's file prior to Dr. Swan and issued findings supporting an RFC for light work. (AR at 22). Dr. Spellman's findings that Plaintiff could do at least light work were supported by the opinions of Dr. Sophon and Dr. Swan. As the ALJ noted, the finding of an RFC for light work was also consistent with the Plaintiff's own testimony regarding his ability to sit for up to two hours and the drowsiness side effect he suffers from his medications. (AR at 23). Given that Dr. Spellman's opinion was consistent with other evidence in the record, it was permissible for the ALJ to give it controlling weight. *See Thomas*, 278 F.3d at 957.

Finally, the ALJ rejected Dr. Close's findings because they were unsupported elsewhere in the record. (AR at 23). Dr. Close's opinion that Plaintiff needed to be able to alternate sitting, standing and walking was inconsistent with objective findings showing normal gait and Plaintiff's own testimony that he could sit

6

for two hours. (AR at 23). His finding that Plaintiff suffered "right shoulder adhesive capsulitis and atrophy" was also not mentioned anywhere else in the record. While Dr. Close concluded that the Plaintiff's medications would make it difficult for him to maintain or sustain work activities, he did not specify what exactly the problematic side effects were or how they would wholly limit Plaintiff's ability to work. (AR at 24, 309). Moreover, to the extent the side effects included drowsiness, this problem was already factored into the assessed RFC. (AR at 24)

Accordingly, the ALJ's stated reasons for rejecting Dr. Close's opinion are supported by substantial evidence in the record.

**B. The Evidence Submitted After the Administrative Hearing Does Not Require Remand**

Plaintiff presented new evidence regarding his physical and mental impairments to the Appeals Council following the hearing before the ALJ held on April 3, 2009. The new evidence included an MRI of Plaintiff's spine revealing degenerative disc disease. (Joint Stip. at 6, AR at 467). The new evidence also included statements from a treating physician, Steven Wilson, M.D., which discuss Plaintiff's impairments, including use of a cane, and his dependence on pain medications that affect his ability to think clearly. (Joint Stip. at 7, AR at 500-503 ). To the extent Plaintiff is arguing that this evidence warrants a remand, the argument fails.

The Court has jurisdiction to remand the case to the Commissioner for the consideration of new evidence, but "only upon a showing that there is new evidence which is material and that

there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See 42 U.S.C. § 405(g); *Allen v. Secretary of Health & Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984). New evidence is material if (1) the evidence bears "directly and substantially" on the matter in dispute, and (2) there is a "reasonable possibility" that the new evidence would have changed the outcome of the administrative hearing. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001); *see also Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)(new evidence is material if there is a reasonable possibility that it would have changed the outcome of the ALJ's determination).

In addition, evidence is new and material only where it relates to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970. However, "reports containing observations made after the period of disability are relevant to assess the [plaintiff's] disability. It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988); *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975).

Here, the new evidence submitted by Plaintiff was not material. Plaintiff is correct that the MRI results provide evidence of degenerative disc disease in the lumbar spine. However, Plaintiff had already submitted the results of numerous tests, including MRIs, to the ALJ demonstrating he suffered from degenerative disc disease and the ALJ's had already found that Plaintiff did in fact suffer from this condition. (*See, e.g.*, AR at 194, 282-287). It does not appear that the results of the additional MRI offered any new information regarding the severity

of Plaintiff's symptoms, the issue that remained in dispute.

Likewise, the statements of Plaintiff's treating physician Dr. Wilson are not material. The statements are dated October 11, 2010 and August 11, 2010, and there is no indication that Dr. Wilson treated Plaintiff during the relevant time period prior or that the statements relate to this time period. (AR at 500-503). Moreover, there are no objective clinical findings to support Dr. Wilson's conclusions.

Accordingly, neither the MRI results nor Dr. Wilson's statements bear "directly or substantially" on the disputed issue of the severity of the Plaintiff's symptoms in the time period prior to the ALJ's decision. Nor is there any "reasonable possibility" that the outcome would have been different if they had been admitted.[1]

### C. The ALJ Properly Evaluated Plaintiff's Credibility

Plaintiff contends that the ALJ failed to properly evaluate his credibility regarding his subjective complaints in determining that he has an RFC allowing for light work.[2] At the hearing,

---

[1] Because the new evidence is not material, the Court will not address whether there was good cause for Plaintiff's failure to incorporate the evidence in the record submitted to the ALJ.

[2] Plaintiff also asserts, without citation to authority, that the ALJ committed reversible error in failing to properly develop the full nature and extent Plaintiff's mental limitations. (Joint Stip. at 8). An ALJ has a "duty to develop the record fully and fairly and to ensure that the claimant's interests are considered." *Mayes*, 276 F.3d at 459. However, an ALJ's duty to augment an existing record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Id.* (citing *Tonapetyen v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). Here, the evidence relating to Plaintiff's mental condition was not ambiguous and the record was not inadequate. Therefore, the ALJ

Plaintiff testified that he is unable to work due to injuries suffered during a car accident in early 2005. (AR at 30). Since the accident, he has suffered from debilitating back pain and neck pain that cause him difficulty in moving and driving. (AR at 32, 43). He appeared at the hearing with a cane, which he said he uses "on and off." (AR at 39). He also testified that it has been hard for him to learn new things and that he suffers from memory and concentration problems. (AR at 36-67). He further testified that he experiences side effects from the medications he takes, the most severe of which is drowsiness. (AR at 42). He also described his regular activities as including driving, grocery shopping, and taking care of his three children (AR at 43-48).

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and

---

did not commit error by failing to further develop this issue.

restrictions due to symptoms are reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[3]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id.* (citations omitted).

Here, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." (AR at 22). However, the ALJ rejected as

---

[3] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

not credible Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms" to the extent they are inconsistent with the RFC allowing for the performance of light work. (AR at 64). As there was no evidence of malingering, the ALJ was required to provide clear and convincing reasons for rejecting this testimony.

The ALJ provided several reasons for rejecting Plaintiff's testimony. When the ALJ asked Plaintiff what he does during the day, Plaintiff would not elaborate, leaving the ALJ with "the impression that he was not being entirely candid." (AR at 22). This observation regarding Plaintiff's demeanor was an appropriate factor for the ALJ to take into account in determining his credibility. *See Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002)(holding that claimant's demeanor at the hearing was a proper basis for rejecting claimant's subjective complaints).

The ALJ also found that the activities Plaintiff did admit to engaging in were inconsistent with his complaints of disabling symptoms and limitations. (AR at 22). These activities include driving, shopping, taking care of his children, and having been active with his girlfriend. (*Id.*). Although a claimant "does not need to be 'utterly incapacitated' in order to be disabled," *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), the ability to perform certain activities of daily life can support a finding that the claimant's reports of his or her impairment are not fully credible. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework

and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing *Fair*, 885 F.2d at 604).

The ALJ cited Plaintiff's testimony that he "has received no mental health treatment and no neurological treatment" as a reason for rejecting Plaintiff's testimony regarding his memory and concentration problems. (AR at 22). As Plaintiff points out, however, the ALJ's statement is not entirely accurate. Plaintiff testified that he "believ[ed]" he had seen a mental health professional "quite a while ago" but not in the last three years. (AR at 47). Nevertheless, the ALJ's misstatement is not sufficient to constitute error. Plaintiff had not seen a mental health professional in more than three years, and it appears the only time in which he was treated for mental health issues was when he received anxiety medication following the accident in 2005. Thus, it was appropriate for the ALJ to take Plaintiff's lack of recent or substantial mental health treatment into account. *See Smolen*, 80 F.3d at 1284.

The ALJ also found that Plaintiff's contentions regarding his debilitating pain, the use of a cane, and the disabling side effects of his medication are unsupported by any objective findings in the medical record. (*Id.*). Regarding the contention of disabling pain, the medical findings generally reveal that Plaintiff's condition is mild. While Plaintiff appeared at the hearing using a cane, the use of a cane has not been prescribed and is inconsistent with medical findings that Plaintiff's gait is normal. Finally, while Plaintiff alleges side effects from the use of medications, there is no support in the medical record for a determination that

these effects are disabling. (AR at 22). Moreover, the ALJ took into account Plaintiff's most severe side effect, drowsiness, in finding an RFC for light work. (*Id.*).

The ALJ's findings constitute clear and convincing reasons for his rejection of Plaintiff's subjective testimony. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. *Magallanes v. Brown*, 881 F.2d 747, 750 (9th Cir. 1989). A reviewing court may not second-guess the ALJ's credibility determination when it is supported by substantial evidence in the record, as here. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). It was reasonable for the ALJ to rely on the reasons stated above, each of which is fully supported by the record, in rejecting the credibility of Plaintiff's subjective complaints. In sum, the ALJ reasonably and properly discredited Plaintiff's subjective testimony regarding the severity of her symptoms as not being wholly credible.

## IV. Conclusion

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED** and the action is **DISMISSED** with prejudice.

Dated: January 20, 2012

MARC L. GOLDMAN

Marc L. Goldman
United States Magistrate Judge